**EVERGREEN HELICOPTERS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 76–1904.**

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1977.

David W. Morthland (argued), of Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for petitioner.

William Wachter (argued), Washington, D. C., for respondent.

Before BARNES and ELY, Circuit Judges, and VAN PELT, District Judge.*

---

* Honorable Robert Van Pelt, Senior United States District Judge, Lincoln, Nebraska, sitting by designation.

PER CURIAM:

The Board's Decision and Order is reported at 223 N.L.R.B. 317 (1976). The employer has filed a Petition to Review the Board's Order, and the Board cross-applies for the Order's enforcement.

The facts giving rise to the controversy are fully set forth in the Decision of the Administrative Law Judge, included as a portion of the Board's Decision and Order. The legal conclusions of the Administrative Law Judge, adopted by the Board, with two modifications not here material, appear in the Board's Decision and Order, *supra*, at 320.

■ While the employer's arguments are persuasive, we are not persuaded that the Board's Order should be disturbed. In *United Ass'n of Journeymen & A., etc. v. N.L.R.B.*, 553 F.2d 1202, 1205 (9th Cir. 1977), we wrote:

> We have recently reiterated that "[t]he Board's discretion in fashioning remedies which can be fairly said to 'effectuate the policies' of the Act is broad." *NLRB v. International Longshoremen's and Warehousemen's Union, Local No. 13*, 549 F.2d 1346, 1354 (9th Cir. 1977). Furthermore, the Board's use of a back pay remedy will not be disturbed in the absence of clear abuse of discretion. *Id., citing Virginia Electric and Power Co. v. NLRB*, 319 U.S. 533, 540, 63 S.Ct. 1214, 87 L.Ed. 1568 (1943)."

The employers' Petition to Review is rejected, and, upon the Board's cross-application, the Board's Order will be

ENFORCED.